UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| RICHARD MIMS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:18-CV-00216-JRG-CLC |
|  | ) |  |
| MARTHA PARKER,[1] CHRISTY FRAZIER, and SULLIVAN COUNTY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

This is a pro se prisoner's complaint filed under 42 U.S.C. § 1983. Now before the Court is Defendant Parker's motion to dismiss the complaint [Doc. 20]. For the reasons set forth below, this motion [*Id.*] will be **DENIED**.

In her motion to dismiss the complaint, Defendant Parker asserts that the complaint fails to state a claim and/or should be dismissed for insufficient service of process as to her because Plaintiff named her incorrectly in his complaint and her summons, that Plaintiff should not be allowed to amend his complaint to properly name her under Tennessee law, and that she was not properly served with the summons [Doc. 20 p. 1–5]. Defendant Parker therefore seeks dismissal of this action based upon insufficient service of process and/or the statute of limitations, while preserving various other defenses [*Id.* at 4–6].

Rule 4 of the Federal Rules of Civil Procedure permits an individual defendant to be served in accordance with state law, Fed. R. Civ. P. 4(e)(1), or by any of the following means: (a) delivering a copy of the summons and of the complaint to the individual personally; (b) leaving a

---

[1] As it is apparent that this Defendant's correct name is Martha Parker, the Clerk is **DIRECTED** to update the Court's docket to reflect this.

copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

While plaintiffs are generally responsible for service of process, Fed. R. Civ. P. 4(c)(1), the Sixth Circuit has stated as follows regarding plaintiffs proceeding *in forma pauperis*:

> Together, Rule 4(c)[3] and 28 U.S.C. § 1915[d] stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Plaintiff's complaint identifies Defendant Parker as "Margaret Parker/Nurse Practitioner" [Doc. 2 p. 1]. On January 10, 2019, the Court granted Plaintiff leave to proceed *in forma pauperis* and directed the United States Marshals Service ("USMS") to serve the summonses returned by Plaintiff on all Defendants [Doc. 4]. The USMS did so via certified mail, which it routinely uses to serve defendants in pro se civil actions to save the significant resources that would be expended to personally serve process on each such defendant. On February 4, 2019, the summons for Defendant Parker was returned as executed [Doc. 14].

It is apparent that while Plaintiff apparently listed the wrong first name for Defendant Parker in his complaint and Defendant Parker's summons, Plaintiff timely provided the Court with the information he had to reasonably identify her. Thus, the Court finds good cause to extend Plaintiff's time to effectuate service on Defendant Parker. *Byrd*, 94 F.3d at 220; Fed. R. Civ. P. 4(m); David D. Siegel, *The New (Dec. 1, 1993) Rule 4 of the Federal Rules of Civil Procedure: Changes in Summons Service and Personal Jurisdiction,* 152 F.R.D. 249, 257 (1994) (noting that

where a federal court finds good cause to extend the time period for service in a case where the court's jurisdiction is not based on diversity, that finding provides a "link back to the complaint's filing, and . . . the action should be preserved as timely").

Accordingly, Defendant Parker's motion to dismiss [Doc. 20] is not well-taken and it is **DENIED**. Further, the Clerk is **DIRECTED** to have the USMS personally serve Defendant Parker with a copy of the complaint and summons at the address on the returned summons if Defendant Parker does not file a waiver of service of process within seven (7) days of entry of this order. Also, the Clerk is **DIRECTED** to charge Defendant Parker for all costs associated with this service of process, if it is necessary.

Further, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
